UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:18-CV-02652-CAS-JEM | Date | November 13, 2020 |
|---|---|---|---|
| Title | TIMOTHY L. WHITING v. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) – PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE JOHN E. MCDERMOTT (Dkt. 57, filed on October 2, 2020)

## I. INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

On December 21, 2018, plaintiff Timothy L. Whiting, proceeding *pro se* and *in forma pauperis*, filed suit against the California Highway Patrol ("CHP"), CHP Commissioner Warren A. Stanley, Captain Mike Alvarez, Sergeant Sigifredo Ceballos, and 10 Doe defendants (collectively, "defendants"), alleging claims arising from Ceballos' stopping his patrol car in front of plaintiff while plaintiff was parked at a rest stop. Dkt. 1.

On February 24, 2020, plaintiff filed a second amended complaint ("SAC") alleging: (1) an unlawful seizure in violation of the Fourth and Fourteenth Amendments (Claim One); (2) racial profiling in violation of the Fourteenth Amendment (Claim Two); (3) a "class of one" equal protection claim (Claim Three); (4) supervisory liability claims against Alvarez and Stanley (Claims Four and Five); (5) retaliation (Claim Six); (6) racial discrimination in violation of 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 41 U.S.C. § 2000d (Claims Seven and Eight); (7) an unlawful seizure in violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 5:18-CV-02652-CAS-JEM | Date | November 13, 2020 |
| Title | TIMOTHY L. WHITING v. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

Article I, § 13 of the California Constitution (Claim Nine); (8) false imprisonment (Claim Ten); (9) violations of the Bane Act, Cal. Civ. Code § 52.1 (Claim Eleven); (10) violations of Cal. Gov't Code §§ 11135 and 11139 (Claim Twelve); (11) intentional infliction of emotional distress (Claim Thirteen); (12) negligence (Claim Fourteen); (13) violations of the right of privacy (Claim Fifteen); and (14) a claim for "prospective relief" (Claim Sixteen). Dkt. 38.

On March 26, 2020, defendants filed a motion to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 40 ("MTD"). On April 27, 2020, plaintiff filed an opposition, dkt. 43, and on May 11, 2020, defendants filed a reply, dkt. 44. On September 1, 2020, Magistrate Judge John E. McDermott ("the Magistrate Judge") issued an amended report and recommendation recommending that the motion to dismiss be granted in part as follows: (1) dismiss Claims One, Four through Six, and Eight through Fifteen without leave to amend; (2) dismiss Claim Seven with leave to amend as to Ceballos and without leave to amend as to the remaining defendants; (3) deny the motion to dismiss as to Claims Two and Three; and (4) grant plaintiff leave to file a third amended complaint. Dkt. 52 ("Amend. R&R"). The notice of filing required that any objections to the amended report be filed by September 22, 2020. Dkt. 53.

On September 25, 2020, having received no objections, the Court issued an order adopting the amended report and recommendation. Dkt. 55 ("September 25 Ord."). Thereafter, on September 28, 2020, the court clerk received plaintiff's objection to the amended report; this objection was postmarked September 21, 2020. Dkt. 56 ("Obj. to Amend. R&R"). On October 2, 2020, plaintiff filed the instant motion for reconsideration of the Court's September 25 order pursuant to Fed. R. Civ. P. 54(b) and C.D. Cal. Local Rule 7-18. Dkt. 57 ("Mot. for Reconsideration"). On November 9, 2020, defendants filed an opposition to the motion for reconsideration. Dkt. 63.

On October 22, 2020, plaintiff filed a motion to disqualify the Magistrate Judge and this Court, dkt. 58, which was randomly assigned to the Honorable Andre Birotte, Jr. The Court took plaintiff's motion for reconsideration under submission pending Judge Birotte's ruling. Dkt. 61. On November 3, 2020, Judge Birotte denied plaintiff's motion to disqualify. Dkt. 62. Now before the Court is plaintiff's motion for reconsideration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:18-CV-02652-CAS-JEM | Date | November 13, 2020 |
|---|---|---|---|
| Title | TIMOTHY L. WHITING v. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to a magistrate judge's non-dispositive order. The party shall file a motion for review by the "assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection." C.D. Cal. L.R. 72-2.1. The Court must consider timely objections and modify or set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

A court may also reconsider its own order. See C.D. Cal. L.R. 7-18. Reconsideration of a court's order is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "In this district, motions for reconsideration are governed by Local Rule 7-18," Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008), which states: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18; see Fed. R. Civ. P. 54(b).[1] Furthermore, "[n]o motion for

---

[1] Fed. R. Civ. P. 54(b), raised by plaintiff, also governs reconsideration of non-final orders such as this Court's September 25 order. See Upton v. Fakhoury, No. ED-CV-13-02359-ABPJW, 2017 WL 9807415, at *1 (C.D. Cal. Mar. 23, 2017). However, Local Rule 7-18 includes and exceeds the requirements imposed by Fed. R. Civ. P. 54(b). See Metro. Life Ins. Co. v. Trujillo, No. 218-CV-09577-ODW-JPRX, 2020 WL 2838528, at *2 n.3 (C.D. Cal. June 1, 2020) ("Local Rule 7-18 [] imposes additional requirements for a party seeking reconsideration").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:18-CV-02652-CAS-JEM | Date | November 13, 2020 |
| Title | TIMOTHY L. WHITING v. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion," C.D. Cal. L.R. 7-18, and "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent," Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004). Finally, "[w]hether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." Milton H. Greene, 568 F. Supp. 2d at 1162.

### III. DISCUSSION

The Magistrate Judge ruled that "[t]he mere act of parking a patrol car so as to block a car does not, without more, constitute a seizure of the car's occupants," Amend. R&R at 8; and that "the September 20, 2018 incident was not a traffic stop or any kind of seizure," id. at 21.

In his motion for reconsideration, plaintiff argues the Magistrate Judge (1) failed to consider several of plaintiff's arguments, Mot. for Reconsideration at 6 ("Judge McDermott erred by failing to determine or characterize the type of traffic stop that occurred between Plaintiff and Defendant Ceballos"), 7 ("erred by failing to address Plaintiffs physical force argument that demonstrates how 'the mere act of parking a patrol car so as to block a car' constitutes an unreasonable seizure"); (2) erred in applying facts to the law, id. at 7; and (3) overlooked material facts, id. at 9, 10. Plaintiff also reiterates several arguments made in previous filings. Id. at 12–16. But plaintiff has not demonstrated a material difference in fact or law from that considered by the Magistrate Judge or the Court, nor the emergence of new material facts or a change in law since the motion to dismiss came before the Magistrate Judge or the Court. See L.R. 7-18. Additionally, plaintiff has not made a "manifest showing" of a failure by the Magistrate Judge or the Court to consider material facts related to the motion to dismiss. See id. Finally, no conclusion of the Magistrate Judge's was "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 71(a). Thus, plaintiff has not set forth sufficient grounds for reconsideration of this Court's order adopting the amended report and recommendation and granting in part defendant's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 5:18-CV-02652-CAS-JEM | Date | November 13, 2020 |
|---|---|---|---|
| Title | TIMOTHY L. WHITING v. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

## IV. CONCLUSION

Consistent with the Court's findings and conclusions above, plaintiff's motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

                                                                00  :  00
                                   Initials of Preparer              CMJ