UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 5:18-cv-02652-CAS (JEM) | Date | January 9, 2023 |
|---|---|---|---|
| Title | TIMOTHY L. WHITING V. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                            Not Present

**Proceedings:** (IN CHAMBERS) - OBJECTIONS TO REPORT AND RECOMMENDATION (Dkt. 103, filed on OCTOBER 31, 2022)

On December 21, 2018, plaintiff Timothy L. Whiting, acting *pro se*, filed a civil rights action against the California Highway Patrol ("CHP"), CHP Commissioner Warren A. Stanley, CHP Captain Mike Alvarez, CHP Sergeant Sigifredo Cebellos, and fifty Doe defendants. Dkt. 101 at 1. Following his filing three amended complaints, on December 10, 2020, defendant filed the operative fourth amended complaint ("FOAC"), naming CHP Sergeant Cebellos ("defendant") as the sole defendant. Id. at 2. The FOAC brings three claims for relief: (1) a racial profiling claim under the Equal Protection Clause of the Fourteenth Amendment, brought pursuant to 42 U.S.C. § 1983; (2) a "class of one" claim under the Equal Protection Clause of the Fourteenth Amendment, brought pursuant to § 1983; and (3) a claim under 42 U.S.C. § 1981. Id. Plaintiff's claims arise out of a September 2018 incident in which Sergeant Cebellos, who was patrolling through a rest area in Riverside County at the time, momentarily stopped his patrol vehicle partially in front of plaintiff's parked car while plaintiff was sitting in the driver's seat with the engine running. Id. at 5. Plaintiff, who is a Black male, alleges that Sergeant Cebellos singled out plaintiff and partially blocked his car because of plaintiff's race. Id. at 9.

On April 21, 2022, defendant filed a motion for summary judgement pursuant to Federal Rule of Civil Procedure 56. Id. at 2. On May 23, 2022, plaintiff filed an opposition to defendant's motion for summary judgment. Id. On June 7, 2022, defendant filed a reply in support of his motion. Id. On October 18, 2022, Magistrate Judge John E. McDermott issued a Report and Recommendation (the "Report"), granting summary judgment in favor of defendant on all three of plaintiff's claims. Dkt. 101. On October

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:18-cv-02652-CAS (JEM) | Date | January 9, 2023 |
|---|---|---|---|
| Title | TIMOTHY L. WHITING V. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

31, 2022, plaintiff filed an objection to the Report. Dkt. 103. Plaintiff's objection is now before the Court.

Plaintiff objects to the Report on two grounds. First, plaintiff contends that defendant's responses to plaintiff's requests for admission were untimely, and, therefore, the allegations in plaintiff's requests for admission must be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). Id. at 4-5. According to plaintiff, admission of the allegations in plaintiff's requests for admission would defeat defendant's motion for summary judgment, and the Report errs by failing to consider these allegations admitted. Id. Second, plaintiff argues that the Report errs by considering defendant's video evidence of the partial blockage of plaintiff's car, rather than plaintiff's video evidence. Id. at 8-9.

With respect to the first ground raised in plaintiff's objection, it appears to the Court that, while defendant failed to respond to plaintiff's requests for admission within the timeframe set forth by Rule 36, defendant did provide written responses to the requests on January 25, 2022, approximately twenty-seven days late. Dkt. 103 at 7. Although the requests for admission were technically admitted, the fact that defendant did respond and denied the requests on January 25, 2022, indicates that he did not intend to admit the allegations. When the motion for summary judgment was filed, plaintiff, for the first time, raised the fact that the requests for admission had been admitted. Dkt. 100. While the record is not fully developed, it appears that, in deciding the motion for summary judgment, the Magistrate Judge considered defendants' denials and, in effect, permitted the admissions to be withdrawn.

The Court recognizes that, in circumstances similar to these, Courts have permitted admissions to be withdrawn absent a separate motion seeking withdrawal. See, e.g., Open Text Inc. v. Northwell Health, Inc., 2020 WL 6655922, at *4 n.6 (C.D. Cal. Oct. 23, 2020) (explaining that "no separate motion is needed to request relief under Rule 36(b)); Doctors Medical Center of Modesto, Inc. v. Principal Life Ins. Co., 2011 WL 831421, at *3 ("Despite the self-executing nature of Rule 36 with regard to the automatic admission of untimely responses, the Ninth Circuit has long recognized the district court's discretion to permit late responses to requests for admission.") (citing French v. United States, 416 F.2d 1149, 1152 (9th Cir. 1968)); A. Miner Contracting Inc. v. Dana Kepner Co. Inc., 2011 WL 13300273, at *2 (D. Ariz. Aug. 4, 2011) (withdrawing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:18-cv-02652-CAS (JEM) | Date | January 9, 2023 |
|---|---|---|---|
| Title | TIMOTHY L. WHITING V. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

admissions absent separate motion where plaintiff responded to requests late and delay was minimal).

Permitting the admissions to be withdrawn, in light of defendant's late filed responses, is reasonable under the circumstances. Federal Rule of Civil Procedure 36(b) permits withdrawal of deemed admissions where (1) "it would promote the presentation of the merits of the action," and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Here, withdrawal promoted presentation of the merits because upholding the admissions, which effectively establish plaintiff's claims for relief, would dispose of the issues in this action. See Hadley v. U.S., 45 F.3d 1345, 1348 (9th Cir. 1995) ("The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.").

With respect to the second prong, "[t]he prejudice contemplated by Rule 36(b) 'is not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" Id. (quoting Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)). "'Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously admitted." Hadley, 45 F.3d at 1348 (quoting Brook Village, 686 F.2d at 70). In this case, withdrawal of defendant's admissions did not prejudice plaintiff because defendant denied the requests within weeks of the deadline and over fourteen months before the discovery cut-off date of March 28, 2022. See dkt. 87. Further, in summary judgment briefing, plaintiff had the opportunity to (and, in fact, did) fully litigate the issues previously deemed admitted. Accordingly, withdrawing defendant's admissions did not impede plaintiff's ability to prove his case with respect to the admissions.

In sum, it appears that the Magistrate Judge exercised his discretion to permit withdrawal of the admissions in light of defendant's late filed responses and in line with the considerations set forth in Rule 36(b). As the admissions were withdrawn, the Report's consideration of defendant's arguments and evidence with respect to the issues previously deemed admitted was proper. The Court agrees with the Report's analysis of the evidence and finds that, absent the admissions, the grant of summary judgment was appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:18-cv-02652-CAS (JEM) | Date | January 9, 2023 |
|---|---|---|---|
| Title | TIMOTHY L. WHITING V. DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, ET AL. | | |

  As for the second ground raised in plaintiff's objection, it appears to the Court that, contrary to plaintiff's contention, the conclusions reached in the Report were based on the video evidence submitted by plaintiff, not defendant. In fact, the Report explains that "[p]laintiff and [d]efendant have both lodged the [dashcam] video. Citations to the video in the Report are citations to the video lodged by [p]laintiff." Dkt. 101 at 5 n.3. And references in the Report to what the video does and does not reveal cite to plaintiff's video. See, e.g., id. at 10. Therefore, the Court finds plaintiff's challenge to the Report on this ground to be without merit.

  In accordance with the foregoing, the Court **ACCEPTS** the Report and Recommendation of United States Magistrate Judge John McDermott, dkt. 101, and **GRANTS** defendant's motion for summary judgment, dkt. 92. Judgment is to be entered accordingly.

  IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |